UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD L. TUCKER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JAMES YATES,<br><br>　　　　Respondent. | Case No.: 1:12-cv-00643-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION AS SUCCESSIVE<br><br>ORDER REQUIRING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant petition was filed on April 20, 2012, and appears to challenge Petitioner 1998 conviction in the Fresno County Superior Court for failure to register as a sex offender.

**PROCEDURAL HISTORY**

Petitioner has a long and colorful history in the Eastern District of California. In 2003, in case number 1:03-cv-05594-AWI-TAG, Petitioner first challenged his April 6, 1998 conviction in the Fresno County Superior Court for failure to register as a sex offender and the subsequent 32-month sentence. That case was dismissed by the Court because Petitioner's sentence on that 1998 conviction had expired prior to his filing of the federal petition. Instead, Petitioner was by then serving an indeterminate life sentence for a 2002 conviction in Tulare County Superior Court for a 1969 murder

while committing rape, which Petitioner challenged in in case number 1:04-cv-05662-OWW-DLB, and also a consecutive 25-year-to-life sentence for a 2002 Tulare County Superior Court conviction for possession of a weapon by an inmate, which Petitioner challenged in a separate petition in case number 1:04-cv-05773-LJO-TAG.  Both of the latter petitions were denied on the merits and in both cases the Ninth Circuit refused to issue a certificate of appealability and dismissed the appeals.

Now, Petitioner has once again sought to resurrect a challenge to his 1998 conviction for failure to register as a sex offender.  For the reasons set forth below, the Court recommends that the petition be dismissed as successive.

## **DISCUSSION**

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The Court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition.  Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking his 1998 Fresno County conviction.[1] That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under § 2254 and must dismiss the petition. See <u>Greenawalt</u>, 105 F.3d at 1277; <u>Nunez</u>, 96 F.3d at 991. If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must first file for leave to do so with the Ninth Circuit. <u>See</u> 28 U.S.C. § 2244 (b)(3).

**ORDER**

Accordingly, the Clerk of the Court is DIRECTED to assign this case to a United States District Judge.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED as successive.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

///

---

[1] The Court notes that, to the extent that the instant petition can be construed as attacking either of Petitioner's 2002 convictions, in addition to the 1998 conviction, the outcome would be the same, i.e., because Petitioner has already filed federal petitions challenging those two convictions as well, he would require permission of the Ninth Circuit to file a successive petition in this Court challenging those convictions.

1 | The parties are advised that failure to file objections within the specified time may waive the
2 | right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5 | IT IS SO ORDERED.

6 | Dated:   **May 16, 2012**                          /s/ Jennifer L. Thurston
7 |                                              UNITED STATES MAGISTRATE JUDGE