# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD L. TUCKER,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>JAMES YATES,<br><br>　　　　　Respondent. | Case No.: 1:12-cv-00643-LJO-JLT<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (Doc. 15 |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL HISTORY

The instant petition was filed on April 20, 2012. (Doc. 1). On May 16, 2012, the Magistrate Judge entered Findings and Recommendations to dismiss the petition as a second or successive petition. (Doc. 10). Petitioner was given twenty days within which to file objections to the Findings

1

and Recommendations; however, Petitioner failed to timely file his objections within the prescribed period of time. On June 15, 2012, the Court adopted the Findings and Recommendations and entered judgment against Petitioner. (Docs. 12 & 13). On June 18, 2012, Petitioner belatedly filed his objections. (Doc. 14). On July 27, 2012, Petitioner filed the instant motion for reconsideration. (Doc. 15). In his belated objections and his motion for reconsideration, Petitioner now contends that he was never challenging his 1998 conviction for failure to register as a sex offender; rather, he is challenging his 2002 conviction for murder. (Doc. 14, p. 1).

## DISCUSSION

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior

decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Petitioner has failed to meet any of the requirements for granting a motion for reconsideration: He has not shown "mistake, inadvertence, surprise, or excusable neglect;" he has certainly not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally, Petitioner has not presented any other reasons justifying relief from judgment.  Moreover, pursuant to the Court's Local Rules, Petitioner has not shown  "new or different facts or circumstances claimed to exist *which did not exist or were not shown upon such prior motion,* or what other grounds exist for the motion."   Local Rule 230(j). (Emphasis supplied).

Indeed, in his untimely objections to the Magistrate Judge's Findings and Recommendations and in the instant motion, Petitioner argues that he never intended to challenge his 1998 conviction, but instead wished to challenge his 2002 conviction for murder.  The Court notes that Petitioner did not file his petition on a Court-approved form, but chose instead to submit several documents that the Court was required to construe as a petition for writ of habeas corpus and to piece together from various allegations and contentions made by Petitioner in those documents that he was challenging a prior conviction.  Indeed, in the petition and attached documents, the *only* conviction referred to is his 1998 conviction for failure to register as a sex offender.  Under those circumstances, it is not surprising that the Court construed the petition as a challenge to that conviction.  If Petitioner had wished to challenge either of his 2002 convictions, he should have articulated that fact in the petition, along with a brief factual explanation of the nature of his challenge, in order for the Court to understand the nature of his claims more clearly.

3

However, even if the petition were construed to challenge one of his 2002 convictions, it would not alter the Court's conclusion that the instant petition is a second or successive petition that must be dismissed.  As the Magistrate Judge noted in the Findings and Recommendations, Petitioner has previously challenged his 2002 conviction for murder in case no. 1:04-cv-05562-OWW-DLB, and his 2002 conviction for possession of a weapon by an inmate in case no. 1:04-cv-05773-LJO-TAG. Under those circumstances, any later-filed petition, such as the instant one, is a second or successive petition and Petitioner must first obtain the permission of the United States Court of Appeals for the Ninth Circuit in order to proceed in this Court with a challenge to either of those convictions.

In sum, Petitioner has provided no evidence or circumstances that would satisfy the requirements of Rule 60(b), and therefore his motion for reconsideration must be denied.

## **ORDER**

Accordingly, it is HEREBY ORDERED that Petitioner's motion for reconsideration (Doc. 15), is DENIED.

IT IS SO ORDERED.

Dated:   **August 2, 2012**                              /s/ Lawrence J. O'Neill
                                                  UNITED STATES DISTRICT JUDGE