## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD L. TUCKER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JAMES YATES,<br><br>　　　　Respondent. | Case No.: 1:12-cv-00643-LJO-JLT<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (Doc. 17) |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### **PROCEDURAL HISTORY**

The instant petition was filed on April 0, 2012. (Doc. 1). On May 16, 2012, the Magistrate Judge entered Findings and Recommendations to dismiss the petition as a second and successive petition. (Doc. 10). On June 15, 2012, the District Judge adopted those Findings and Recommendations, entered judgment against Petitioner, and ordered the file closed. (Docs. 12 & 13). On July 27, 2012, Petitioner filed his first motion for reconsideration, which the District Judge denied on August 2, 2012. (Doc. 16). On November 6, 2013, Petitioner filed the instant motion for reconsideration, his second, contending that he is the victim of fraud and a conspiracy to convict him of crimes he never committed. (Doc. 17).

## DISCUSSION

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Petitioner filed his second motion for reconsideration almost seventeen months after judgment was entered, i.e., well over the one-year deadline for filing such motions. Accordingly, the motion is untimely and must be denied.

However, even if that were not the case, the motion fails on its merits because Petitioner has failed to satisfy the requirements for granting a motion for reconsideration. First, he has not shown "mistake, inadvertence, surprise, or excusable neglect." Second, Petitioner's wild and vague claims of fraud and conspiracy fail to satisfy Rule 60's requirement for the existence of either newly discovered evidence or fraud. Nor has Petitioner shown that the judgment is either void or satisfied. Finally, Petitioner has not presented any other reasons justifying relief from judgment. Moreover, pursuant to the Court's Local Rules, Petitioner has not shown "new or different facts or circumstances claimed to exist *which did not exist or were not shown upon such prior motion*, or what other grounds exist for the

motion." Local Rule 230(j). (Emphasis supplied).  Indeed, all of the allegations in the instant motion could have been raised in the previous, timely motion for reconsideration.

In sum, Petitioner has provided no evidence or circumstances that would satisfy the requirements of Rule 60(b), and therefore his motion for reconsideration must be denied.

## **ORDER**

Accordingly, it is HEREBY ORDERED that Petitioner's second motion for reconsideration (Doc. 17), is DENIED.

IT IS SO ORDERED.

Dated:   **November 14, 2013**            **/s/ Lawrence J. O'Neill**
                                                                    UNITED STATES DISTRICT JUDGE